IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIM MYRES,

      Plaintiff,

      v.                      CIV 15-0010 WJ/KK

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING UNITED STATES' MOTION TO DISMISS

THIS MATTER comes before the Court upon the United States' Motion to Dismiss, filed January 16, 2015 **(Doc. 4)**.  Having reviewed the parties' briefs and applicable law, the Court finds that  Defendant's motion is well-taken and, accordingly, it is GRANTED.

### BACKGROUND

On July 30, 2014, Plaintiff sued the Internal Revenue Service ("IRS") in the Second Judicial District Court in Bernalillo County, New Mexico.  On January 6, 2015, Defendants removed the case to federal court, pursuant to 28 U.S.C. §1442 in that an agency of the United States has been sued.  Plaintiff seeks injunctive relief and the return of excess funds in the amount of $9,863,166.88, based on a $10,000,000 check which he allegedly sent to the IRS.

**I.**    **Facts**

According to the Government, Plaintiff has tax liability in the amount of $136,833.12 as of August 21, 2013, principally based on frivolous return penalties for the years 2004-2008.  On September 11, 2013, Plaintiff forwarded a "check" in the amount of $10,000,000 written on a Compass Bank account to the U.S. Treasury. The "check" had an endorsement stating "NOT

FOR DEPOSIT OR ACH! EFT ONLY FOR ADJUSTMENT & SETOFF WITH US TREASURY. UCC-3-414, 3-106 WITHOUT RECOURSE." Doc. 1-3 at 6. Plaintiff subsequently sent a "Notice of Settlement" to the IRS dated January 8, 2014 in which he asserts that the IRS had "accepted" his $10,000,000 check and now seeks to have $9,863,166,88 returned to him in the form of a money judgment against the IRS and unspecified injunctive relief. Doc. 1-3 at 5.

## II.    Legal Standard

Fed. R. Civ. P. 12(b)(6) provides that the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Tenth Circuit has stated that:

> "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."

*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The plaintiff's burden "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twonbly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

The Government construes Plaintiff's lawsuit as an attempt to perpetrate an "EFT [Electronic Funds Transfer] Scheme" which is also known as "Ferreira's scheme." This is often used by adherents to the Sovereign Citizens Movement, a group of individuals who reside in the United States but take the position that they do not have to answer to any government authority, including courts, taxing entities, motor vehicle departments or law enforcement.[1] These "NOT

---

[1] See http://www.fbi.gov/newyork/press-releases/2013/defendant-charged-in-white-plains-federal-courtwith-

FOR deposit" "checks" do not constitute payments for purposes of federal taxation, or any other kind of debt.  IRS personnel are instructed not to process these "checks" and instead, forward them on to the frivolous filer unit.  Despite the fact that the Government has uncovered the frivolous character of his bogus check, Plaintiff nevertheless presses on and expects the Court to force the Government to apply this "check" towards his tax indebtedness and pay him $9,863,166.88.

Plaintiff does not dispute that he owes a penalty sum of $136,833.12, *see* Doc. 10 at 5, ¶ 5.  Instead, he contends that the "EFT" draft is not "bogus" and not a "Scheme," and seems to suggest that payment of the funds he owes would be a "windfall for the IRS." Doc. 10 at 3.  The Government contends that dismissal is proper because, despite the possible theories Plaintiff may mean to assert, none are viable causes of action—and the Court agrees with the Government's conclusion.

I.      **Plaintiff's Claims Do Not Meet Rule 12(b)(6) Standards**

First, the Government argues that Plaintiff's claim is barred by sovereign immunity because Plaintiff has not pled any grounds for waiver of sovereign immunity.  *Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").  Without such a waiver, this Court would not have jurisdiction over any Plaintiff's claims.  *See Dahl v. U.S.*, 319 F.3d 1226, 1228 (10th Cir. 2003) ("Sovereign immunity is jurisdictional in nature.").  Even a liberal construction of Plaintiff's complaint does not give rise to a waiver of sovereign immunity, or a solid cause of action, as the Court discusses below

---

bank-fraud-and-stealing-nearly-half-a-million-dollars-from-the-irs.  This is a description of the case of Melanie Ferreira who stole hundreds of thousands of dollars in refunds to which she was not entitled and forged a check to satisfy a debt.  Ms. Ferreira's method of bank fraud was considered to be tied to her questioning the legitimacy of the government.

A.  <u>Failure to Effect Service of Process</u>

The Government also contends that Plaintiff's claims against the Government should be dismissed under Rule 12(b)(5) because Plaintiff failed to properly effect service of process upon the United States. Rule 4(i)(1)(A)-(C) governs service of process on the United States, its agencies, corporations, officers or employees. The rule requires that service upon the United States, its agencies, or officers and employees thereof is made by delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought (or by sending a copy to the civil process clerk by certified mail), and by sending a copy of the summons and complaint to the Attorney General of the United States at Washington, D.C. by registered or certified mail. Plaintiff sent a copy of the complaint to the IRS office, but failed to serve either the United States Attorney for the District of New Mexico, or the Attorney General of the United States. The fact that plaintiff's attempt at service provided actual notice of this action does not cure the failure to provide proper service. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *Robinson v. Turner*, 15 F.3d 82, 84 (7th Cir. 1994); *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1981). The Court could dismiss Plaintiff's claims on lack of proper service alone pursuant to Fed. R. Civ. P. 12(b)(5). However, even if Plaintiff's claims survived the sovereign immunity waiver issue and the service issue, the complaint would still require dismissal under any of the possible theories under which the complaint could be construed.

B.  <u>Refund Suit</u>

Plaintiff's theory is that he can force the IRS to process a bogus "check" for $10,000,000 (without depositing it), and send him a refund of $9,863,166.88. If construed as a "refund suit" in that it seeks a money judgment against the United States, Plaintiff cannot possibly prevail because he obviously has not actually paid what he owes in order to obtain any kind of a refund.

Because the "NOT FOR DEPOSIT" checks are not legitimate or commercially acceptable means of payment, Plaintiff has not made any payment from which to offset his penalty sum.[2] Until Plaintiff has legitimately paid off his indebtedness in full, he cannot bring a refund suit. *Flora v. U.S.,* 362 U.S. 145, 177 (1960) (full payment of the assessment is a jurisdictional prerequisite to suit).

C.     Request for Injunctive Relief

Plaintiff requests that the Court issue an injunction against the Government, Doc. 1-3 at 3, but does not state what he wished the Court to enjoin the United States from doing.  The Government argues, correctly, that to the extent Plaintiff is making a claim for an injunction to restrain the IRS from collection or assessment of Plaintiffs' tax liability, such relief is barred by 26 U.S.C. §7421 ("Anti-Injunction Act").  The Anti-Injunction Act prohibits suits restraining the assessment or collection of taxes, with several exceptions. *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).  Plaintiff's allegations do not fall in any of the statutory exceptions, nor does Plaintiff even attempt to argue that they do.  In the interests of being thorough, the Government also argues that Plaintiff's claims do not fall into the judicial exception to the Anti-Injunction Act because Plaintiff cannot show that he is certain to succeed on the merits and that collection would cause him irreparable harm. *See South Carolina v. Regan,* 466 U.S. 367, 374 (1984) (citing *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1 (1962)).  The Government's reasoning is accurate.  Plaintiff did not submit $10,000,000 to the United States.  He submitted a bogus check to the United States.  He is not entitled to a lien release, or judgment, or most definitely not a refund in any amount, much less $9,863,166.88, on the basis of that "check."    Therefore, Plaintiff cannot possibly succeed on the merits, his

---

[2]  26 U.S.C. § 6311 addresses alternative methods of payment and authorizes the Secretary to receive for taxes any commercially acceptable means that he deems appropriate as prescribed by regulations.

requested relief is frivolous, and he cannot fall within the judicial exception to the Anti-Injunction Act.

D.      Claim for Damages Under 26 U.S.C. § 7432

Next, the Government analyzes Plaintiff's claim as one for damages for failure to release a lien under 26 U.S.C. §7432(a), which provides the exclusive remedy for recovering damages from the IRS's decision not to release a lien. *Adamowicz v. U.S.,* 101 Fed.Cl. 485, 487 (Fed. Cl. 2011):

> If any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

However, Plaintiff's request that the IRS be forced to process a bogus check for $10,000,000 does not fit within the statute's definition of "damages," which are defined as "actual pecuniary damages sustained by the taxpayer that would not have been sustained but for an officer's or an employee's failure to release a lien in accordance with section 6325 of the Internal Revenue Code."  26 C.F.R. §301.7432-1(c)(1).  Plaintiff sustained no damages at all.  He is merely attempting to cheat the IRS out of $9,863,166.88 by believing he can coerce the agency into exchanging a worthless check for a refund of real money.[3]

Accordingly, the Court finds and concludes that Plaintiff has asserted no viable claim against the United States for the above described reasons.

**THEREFORE,**

---

[3]   The Government is correct that the IRS is not a suable entity and the United States should be substituted as a defendant in this lawsuit.  *See Murphy v. IRS,* 493 F.3d 170, 174 (D.C.Cir. 2007).  However, the Court sees no need to make the correction at this point, since this case will be terminated on dismissal of Plaintiff's claims.

**IT IS ORDERED** that the United States' Motion to Dismiss **(Doc. 4)** is hereby GRANTED.

A Final Judgment shall be entered separately.

_____
UNITED STATES DISTRICT JUDGE